HENRY D. WATSON, Appellant, v. BOSTON WOVEN CORDAGE COMPANY, Respondent.

*Action by a non-resident against a foreign corporation — jurisdiction of the Supreme Court — statement embraced in a note as to where it was made — when and by whom it may be relied on.*

The Supreme Court has jurisdiction of actions brought against foreign corporations by non-residents to recover damages for the breach of contracts made within the State of New York.

A statement embraced in a note that it was made within a certain State is a representation upon which all innocent holders have a right to rely that the note was there made.

Where parties acquiring a bill, for value, in the usual course of business, have no knowledge that it was not issued and delivered as a subsisting instrument at the place where it bears date, they are entitled to regard its ostensible as its real character, and it will not be permitted that they suffer by reason of the after-discovered fact that it was not there delivered.

APPEAL by the plaintiff, Henry D. Watson, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 20th day of November, 1893, as vacates an attachment and directs the delivery of certain property to the defendant.

*Daniel S. Remsen,* for the appellant.

*George F. Luscomb,* for the respondent.

PER CURIAM:

This court has jurisdiction of actions against foreign corporations brought by non-residents to recover damages for the breach of a con-

tract made within this State, and the question involved upon this appeal is as to whether the plaintiff upon taking the note in question had a right to rely upon the representation contained in the note that it had been made in New York.

We think this point is not open to discussion since the decision in the case of *Fifth Avenue Bank* v. *42d St. & Grand St. Ferry R. R. Co.* (137 N. Y. 231). The statement in the note that it was made in New York, such statement being embraced in its date, was a representation upon which all innocent holders had a right to rely that the note had been there made. There is nothing impeaching the good faith of the plaintiff, and in the bringing of this action, as has already been suggested, he had a right to rely upon the place of contract being that named in the note.

We think the law is well expressed in Daniels on Negotiable Instruments (§ 869), as follows :

" Where the parties acquiring a bill for value, and in the usual course of business, have no knowledge that it was not issued and delivered as a subsisting instrument at the place where it bears date, it is but just that they should be entitled to regard its ostensible as its real character, and should at least not be permitted to suffer by reason of the after-discovered fact that it was not there delivered."

The order appealed from should be reversed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Order reversed, with ten dollars costs and disbursements.